## Case No. 575.

### The ASHBURTON.

### ADAMS et al. v. The ASHBURTON.

[5 Adm. Rec. 432.]

District Court, S. D. Florida.    Jan. 5, 1856.

SALVAGE—COMPENSATION—DUTIES OF WRECKERS.

[1. Where six large wrecking vessels and two small boats, carrying in all 85 men, are employed in lightening and floating a stranded

ship, when not more than three or four of the vessels and their crews are necessary, no increased compensation can be given on account of the employment of the supernumeraries.]

[2. Where the gross value of the ship and her cargo of 1,608 bales of cotton was $73,000, and wreckers carried out three anchors, and lightened the ship of 350 bales of cotton, but omitted to sound around the vessel and to ascertain the channel and shoals, so that she was heaved off one shoal and onto another, of which the wreckers were ignorant, and which caused considerable damage, and obliged her to discharge, a reasonable salvage award of 15 per cent. of the net value should be reduced to 11 per cent. of the net value, because of the error and omission on the part of the wreckers.]

[In admiralty. Libel by Thomas Adams and others against the ship Ashburton and cargo for salvage. Decree for libelants.]

William R. Hackley, proctor for libelants.
S. J. Douglas, proctor for respondent.

MARVIN, District Judge. This ship, laden with 1,608 bales of cotton, and bound from New Orleans to Liverpool, ran ashore upon the American shoal, where she lay in twelve feet of water drawing fifteen feet. Six of the largest wrecking vessels and two small boats, carrying in all eighty-five men, were employed in lightening and getting the ship off. No more than three of these vessels and crews, or at the most four, were necessary, and no increased compensation can be given on account of the employment of the supernumeraries.

The wreckers carried out three anchors, and lightened the ship of three hundred and fifty bales of cotton, and heaved her off. The particulars of the service are detailed in the libel. The gross value of the ship and cargo may be estimated at $73,000. And I should think fifteen per cent. upon the net value would be a reasonable salvage, but for the fact, that the wreckers omitted to sound around the vessel, and ascertain the channel and shoals, as was their duty to do. And the ship, after being heaved off from one reef, was heaved on to another, of which the wreckers were ignorant, and of which it was their duty to be informed. The ship suffered considerable damage, and has been obliged to discharge in consequence of this error and mistake on the part of the wreckers. They acted in good faith, but neglected to inform themselves of the soundings about the ship. The anchors were placed right, and in sufficient water, but the shoal lay between them and the ship. I think that this shoal might have been avoided if its existence had been known to the wreckers. Under these circumstances, I think eleven per cent. upon the net value is a reasonable compensation. The difference to the salvors, in their salvage, owing to their omission to make the proper soundings, will be not far from $4,000 growing out of the difference in the value of the ship, the increased charges, and the difference in the rate per cent.